UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KIMBERLY A. SMITH | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE NO. 1:13-cv-0041 TWP-TAB |
| v. | ) |
| | ) |
| THE WATERS OF MUNCIE, LLC | ) |
| | ) |
| Defendant. | ) |

### COMPLAINT FOR DAMAGES AND JURY TRIAL REQUEST

Comes now the Plaintiff, Kimberly A. Smith, by counsel, and for her Complaint for Damages and Jury Trial Request states as follows:

### NATURE OF THE CASE

1) This is a proceeding for damages against The Waters of Muncie, LLC (hereafter "The Waters") to address the deprivation of rights secured to the Plaintiff, Kimberly A. Smith (hereafter "Smith"), by Title I of the Americans with Disabilities Act (hereafter "ADA"), 42 U.S.C. § 12209, *et. seq.* and the ADA Amendments Act of 2008 (hereafter "ADAAA").

### JURISDICTION AND VENUE

2) The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(4), 2201 and 2202.

3) Smith is a United States citizen, a resident of the City of Muncie, and a citizen of the State of Indiana.

4) The Waters is an Indiana corporation situated at 2400 Chateau Drive, Muncie, IN 47303. The Waters is authorized to do business in Indiana.

5) The Waters is subject to the jurisdiction of this Court.

6) The Waters is an "employer" pursuant to the ADA and the ADAAA.

## GENERAL ALLEGATIONS

7) At all relevant times, Smith was an employee of The Waters.

8) Smith was terminated from her employment in January 2012.

9) Smith became an employee of The Waters in February 2006. From February 2006 until November 17, 2011, Smith worked as a Licensed Practical Nurse at The Waters.

10) Melanie Walker (hereafter "Walker") was, at all relevant times, the Assistant Director of Nursing of the facility and Smith's direct supervisor.

11) In February of 2010 Smith was diagnosed with a severe and fatal disability known as Langerhans Histiocytosis. ("LCH").

12) Symptoms of LCH include open skin lesions and has fatal outcomes in a number of cases.

13) After being diagnosed with LCH, Smith requested that she be allowed to wear colored uniforms as white would show the blood from her lesions.

14) Walter refused Smith's request. Walter also made disparaging comments about Smith's disease in front of her co-workers.

15) Smith suffers from a disability that substantially limits a major life activity.

16) Smith has a record of having an impairment that substantially limits a major life activity.

17) The Waters regarded Smith as having an impairment that substantially limits a major life activity.

18) On December 2nd, 2011, Smith filed a timely Charge of Discrimination with the

United States Equal Employment Opportunity Commission under charge number 470-2012-00762 alleging discrimination based on her disability as well as wrongful termination.

19) On September 20, 2012 the EEOC issued a "Letter of Determination" finding that Smith was subject to derogatory comments regarding her medical condition and her medical information was made known to other employees. See Ex. A.

20) The EEOC's Letter of Determination also found that Smith's medical information had been co-mingled in her employee file. See Ex. A.

21) The EEOC attempted conciliation which was unsuccessful and issued its "Right to Sue" letter to Smith on October 25, 2012. See Ex. B.

### COUNT I – VIOLATION OF ADA

22) Smith realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 21 above as if set forth fully herein.

23) Smith is "disabled" under the ADA and the ADAAA.

24) Smith was, at all relevant times, otherwise qualified to perform her duties as an LPN.

25) Smith, at all relevant times, could have been accommodated in some way to allow her to continue as an LPN.

26) Any accommodation afforded Smith would not constitute an undue hardship on The Waters and would have been reasonable.

27) At all relevant times, Smith would not pose a direct threat to the health or safety of herself or others while acting as an LPN.

28) The Waters violated the ADA and the ADAAA by, among other things, the following:

a. Failure to engage in an interactive process with Smith to explore the possibility of a reasonable accommodation.

b. Co-mingling Smith's confidential medical information in her employee file.

c. Smith was subjected to derogatory comments regarding her medical condition.

d. Smith's medical condition was made known to other employees.

e. The Waters failed to make reasonable accommodations for Smith in good faith.

Respectfully submitted,

_____
Christopher E. Clark, Atty. No. 18577-29
Andrew B. Janutolo, Atty. No. 29301-49
GOODIN ABERNATHY, LLP
8900 Keystone Crossing, Suite 1100
Indianapolis, IN 46240
Phone: (317) 843-2606
Fax: (317) 574-3095
E-mail: cclark@goodinabernathy.com
ajanutolo@goodinabernaty.com

## COUNT II – RETALIATION

29) Smith realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 28 above as if set forth fully herein.

30) Because of Smith's disability and her receipt of disability benefits she could not earn more than $1,000 per month through her employment with the Waters.

31) On or about November 17, 2011, Smith's brother passed away and she took 3 days of paid bereavement leave.

32) As a result of receiving paid bereavement leave, Smith was ineligible to work any more days in November of 2011.

33) Despite the Waters knowledge that Smith was ineligible to work any more days in November, she was terminated.

34) Smith was terminated by the Waters because of her disability.

Respectfully submitted,

_____
Christopher E. Clark, Atty. No. 18577-29
Andrew B. Janutolo, Atty. No. 29301-49
GOODIN ABERNATHY, LLP
8900 Keystone Crossing, Suite 1100
Indianapolis, IN 46240
Phone: (317) 843-2606
Fax: (317) 574-3095
E-mail: cclark@goodinabernathy.com
ajanutolo@goodinabernathy.com

WHEREFORE, Kimberly A. Smith prays for judgment over and against The Waters of Muncie, as follows:

a. awarding back pay and other lost benefits of employment;

b. awarding Kimberly A. Smith compensatory and/or punitive damages;

c. awarding Kimberly A. Smith the costs of this action, together with reasonable attorneys fees;

d. granting such other and further relief as the Court deems just and necessary

Respectfully submitted,

_____
Christopher E. Clark, Atty. No. 18577-29

5

Andrew B. Janutolo, Atty. No. 29301-49
GOODIN ABERNATHY, LLP
8900 Keystone Crossing, Suite 1100
Indianapolis, IN  46240
Phone:  (317) 843-2606
Fax:  (317) 574-3095
E-mail:  cclark@goodinabernathy.com
         ajanutolo@goodinabernathy.com

## REQUEST FOR TRIAL BY JURY

Comes now the Plaintiff, Kimberly A. Smith, by counsel, and requests a trial by jury.

Respectfully submitted,

Christopher E. Clark, Atty. No. 18577-29
Andrew B. Janutolo, Atty. No. 29301-49
GOODIN ABERNATHY, LLP
8900 Keystone Crossing, Suite 1100
Indianapolis, IN  46240
Phone:  (317) 843-2606
Fax:  (317) 574-3095
E-mail:  cclark@goodinabernathy.com
         ajanutolo@goodinabernathy.com